IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**SHAVONDA SMITH**                                                                 PLAINTIFF

v.                                  Case No. 3:21-cv-00015-BSM

**PAXTON MEDIA GROUP, LLC,** *et al.*                                       DEFENDANTS

## ORDER

The motion to dismiss [Doc. No. 5] the RICO claim is granted; the motion to dismiss the section 1981 claim against Paxton Media Group, LLC is denied; and the motion to dismiss the section 1981 claim against David Paxton is granted.

### I. BACKGROUND

Shavonda Smith is suing Paxton Media Group, LLC ("PMG") and its CEO, David Paxton, under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 42 U.S.C. § 1981, and the Arkansas Civil Rights Act, claiming they discriminated against her. Smith is a black woman who independently contracted to deliver the *Jonesboro Suns* newspaper, which is owned by PMG. Compl. ¶¶ 19, 28. She alleges that PMG has underpaid her by $14,000 for her delivery services. *Id.* ¶¶ 30, 33. She states that white newspaper distributors were also underpaid, but that PMG eventually paid them the money they were owed. *Id.* ¶ 31. PMG and Paxton move to dismiss for failure to state a claim.

### II. LEGAL STANDARD

Rule 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts

to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Ashcroft*, 556 U.S. at 678. In ruling on a motion to dismiss, all well pleaded allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Id*. A RICO claim, however, must be pleaded with heightened particularity under Rule 9(b). *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011).

## III. DISCUSSION

### A. RICO

The RICO claim is dismissed because Smith has failed to show a pattern of racketeering activity. *See* 18 U.S.C. § 1961(1). A pattern of racketeering involves at least two related acts which together indicate a chance of continued criminal activity. *Crest Const.*, F.3d 346 at 356. Although Smith alleges that defendants' enterprise existed "for the purpose of performing illegal acts" and that the enterprise engaged in "fraud and intimidation," such boilerplate language is insufficient to show a pattern of racketeering activity. *See Crest Const.*, F.3d 346 at 356. This is a discrimination case, not a case involving criminal activity.

### B. Section 1981

The section 1981 claim against Paxton is dismissed because the complaint fails to

show that Paxton interfered with Smith's employment contract. The motion to dismiss Smith's section 1981 claim against PMG is denied because Smith has sufficiently stated a claim against PMG.

Section 1981 prohibits racial discrimination in the making of public and private contracts. *Martinez v. W.W. Grainger, Inc.*, 664 F.3d 225, 232 (8th Cir. 2011). A section 1981 plaintiff must show "(1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that protected activity by the defendant." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 469 (8th Cir. 2009). She must also plead that but for her race, she "would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S.Ct. 1009, 1019 (2020). Smith is a member of a protected class because she is black. Compl. ¶ 19. She engaged in protected activity because she entered into an independent contractor agreement with PMG. Ex. C, Compl. at 23. Defendants argue that Smith has not shown that her race was the but-for cause of any underpayment under her contract with PMG. Mot. Dismiss, Doc. No. 6 at 7.

Discriminatory intent can be proven by direct or circumstantial evidence. *Combs v. Cordish Companies, Inc.*, 862 F.3d 671, 681. Smith argues that PMG underpaid several of its white newspaper distributers, but that when they complained, they were repaid. Compl. ¶ 31. She alleges that she has yet to be fully compensated "because of her race, African American." *Id.* ¶ 32. Defendants argue that Smith's allegations are too vague to show

3

requisite causation. Mot. Dismiss at 6. At the motion to dismiss stage, however, Smith's allegations are construed in her favor and accepted as true, s*ee Ashcroft*, 556 U.S. at 678, so they are sufficient to show section 1981 intent and causation.

C. Specific Performance

The motion to dismiss Smith's request for specific performance against PMG is denied, but it is granted on the request against Paxton because the employment contract existed only between Smith and PMG. *See Rabalaias v. Barnett*, 284 Ark. 527, 528–29 (1985).

IV. CONCLUSION

For these reasons, the motion to dismiss [Doc. No. 5] the RICO claim is granted; the motion to dismiss the section 1981 claim against Paxton Media Group, LLC is denied; and the motion to dismiss the section 1981 claim against David Paxton is granted.

IT IS SO ORDERED this 18th day of June, 2021.

_____
UNITED STATES DISTRICT JUDGE